IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18 B 35665 |
| Yancy D. Collins ) | Chapter 13 |
| ) | Hon. Jacqueline P. Cox |
| Debtor. ) | |

### BYLINE BANK'S OBJECTION TO CONFIRMATION

Byline Bank f/k/a North Community Bank ("**Byline**") successor-by-merger to Metrobank successor-by-merger to Citizens Community Bank of Illinois, by and through its undersigned attorneys, hereby objects to confirmation of the debtor's proposed Chapter 13 plan and in support thereof states as follows:

#### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §1409.

#### II. PROCEDURAL BACKGROUND

2. On December 28, 2018, Yancy D. Collins (the "**Debtor**") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "**Petition**") along with the Debtor's proposed Chapter 13 Plan (the "**Plan**") (Doc. 2).

#### III. FACTUAL BACKGROUND

3. On July 13, 2007, Debtor, among others, executed a promissory note in favor of Byline in the original principal amount of $450,000.00 (the "**Note**"). A copy of the Note is attached hereto as Exhibit A.

4. The Note is secured by mortgages (collectively, the "**Mortgages**") dated July 13, 2007 against the real properties and improvements located at 5141 W. 159th Street, Oak Forest, Illinois ("**Oak Forest Property**") and 5621 S. Bishop Street, Chicago, Illinois ("**Chicago Property**") (collectively, the "**Properties**"). Copies of the Mortgages are attached hereto as Group Exhibit B. The Debtor has no ownership interest in the Chicago Property.

5. On March 30, 2011, Citizens Community Bank of Illinois was merged into Metrobank. A copy of the certificate of Merger is attached hereto as Exhibit C.

6. On June 28, 2013, Metrobank was merged into North Community Bank. A copy of the certificate of Merger is attached hereto as Exhibit D.

7. Effective February 17, 2015, North Community Bank changed its name to Byline. A copy of the change of name authorization is attached hereto as Exhibit E.

8. By virtue of the Mortgages, Byline holds secured liens on the Properties that are senior and paramount to any other security interest in the Properties.

9. On the Petition date, Debtor owed Byline under the Note the following amounts:

| | |
|---|---|
| *Principal Balance Due:* | *$358,820.59* |
| *Interest:* | *61,805.35* |
| *Default Interest:* | *56,185.06* |
| *Late Charges:* | *40,455.34* |
| *Legal Fees and costs:* | *15,399.86* |
| *Receiver Fees:* | *16,563.41* |
| *Total Due:* | *$549,229.61* |
| *Per Diem Interest Accruing After Default:* | *$104.65* |

## IV. LOAN DEFAULT

### A. Payment Default

10. The Note is in default as a result of Debtor's failure to pay the sums due and owing under the Note at maturity on January 13, 2016.

### B. Real Estate Tax Payment Default

11. According to the Debtor's proposed Plan, the Debtor owes in excess of $35,000.00 in real estate taxes on the Oak Forest Property.

## V. LITIGATION

12. As a result of the default under the Note, on December 12, 2017, Byline filed a complaint to foreclose the Mortgages in the Circuit Court of Cook County, Illinois styled: *Byline Bank v. Yancy D. Collins, et al.*-17 CH 16818 (the "**Foreclosure Action**").

13. On September 24, 2018, judgments of foreclosure and sale were entered against the Properties in addition to a money judgment against the Debtor in the amount of $533,624.78.

14. A judicial sale of the Properties was scheduled for December 18, 2018 which was subsequently continued to January 22, 2019. In the interim, the Debtor filed this Petition on December 28, 2018.

15. As a result of the Petition, Byline has been unable to complete the judicial sale.

## VI. REQUEST AND BASIS FOR RELIEF

16. Byline hereby requests that this Court deny confirmation of the Plan because the Plan violates §1322(b)(2) and §1322(b)(5) of the Bankruptcy Code.

17. The Debtor's Plan does not provide for the payment of the pre-petition arrearage under the Note dated July 13, 2007.

18. On February 6, 2019, Byline filed a Proof of Claim ("**POC**") in this matter that showed that as of the filing of the Petition, the Debtor owed the following pre-petition amounts under the Note:

| | |
|---|---|
| *Interest:* | 61,805.35 |
| *Default Interest:* | 56,185.06 |
| *Late Charges:* | 40,455.34 |
| *Legal Fees and costs:* | 15,399.86 |
| *Receiver Fees:* | <u>16,563.41</u> |
| *Total Due:* | $190,409.02 |

As outlined in the Plan, the Debtor only proposes to pay Byline the sum of $40,000.00 as and for the pre-petition amount of arrearage in contravention of Byline's rights under §1322(b)(2) and §1322(b)(5) of the Bankruptcy Code.

19. Furthermore, the Debtor's ability to make the proposed Plan payments is questionable because the Debtor's Petition and schedules do not accurately reflect the Debtor's assets and income.

20. According to Form 106Sum of the Petition, the Debtor lists real property assets of $671,000.00 and monthly income of $10,498.00.

21. As shown on Schedule A/B, the Debtor's real property assets consist of the following investment properties: (i) the Oak Forest Property; (ii) the Chicago Property; and (iii) 7527 S. Wentworth, Chicago, IL.

22. However, as stated previously, contrary to the Debtor's statement in the Petition, the Debtor has no interest in the Chicago Property and, therefore, the Chicago Property cannot be

considered as part of the Debtor's assets.[1]

23. More importantly, in Schedule I of the Petition, the Debtor shows "regular" net monthly income from rental property of $7,250.00. The Debtor has failed to attached the requisite statement for each property showing the income and expenses to support the foregoing net monthly income amount but presumably, the net monthly income is from the tenants listed in Schedule G of the Petition.

24. In Schedule G, the Debtor shows a tenant at the Oak Forest Property and two tenants at the Chicago Property, in addition to tenants at the 7527 S. Wentworth, Chicago, IL. Byline has no security interest in the Wentworth property and, therefore, no information regarding the rental income from that property. However, Byline holds mortgages against the Oak Forest Property and Chicago Property and a receiver was appointed as to both Properties as part of the Foreclosure Action.

25. According to the receiver's third report filed on January 10, 2019, there is no tenant in the Oak Forest Property. Regarding the Chicago Property, there are two tenants. The second floor tenant pays rent in the monthly amount of $750.00 and the first floor tenant doers not consistently pay any rent. The receiver's third report is attached hereto as Exhibit F.[2]

26. Based on the foregoing information, the only consistent rental income from the Properties is $750.00 per month. Therefore, unless the two residential tenants in the Wentworth property are paying aggregate monthly rent of $6,500.00 ($7,250.00 - $750.00), which is unlikely,

---

[1] Schedule D of the Debtor's Petition is also defective in that it fails to show that Byline is also a secured creditor as to the Chicago Property and not just the Oak Forest Property.

[2] Interestingly, Schedule G of the Petition indicates that the Debtor's mother, Shirley Collins, is the first floor tenant in the Chicago Property yet Schedule H show Shirley Collins residing in Park Forest, IL.

then the Debtor's statement of "regular" net income from rental property in Schedule I of $7,250.00 is not accurate, in which case, the Debtor does not appear to have sufficient funds to make the proposed monthly payments of $5,680.00 to the trustee.[3]

**WHEREFORE**, Byline Bank f/k/a North Community Bank requests that this Court enter an Order (i) denying confirmation of the Plan and (ii) granting such other and further relief as may be deemed appropriate.

Respectfully submitted,

Byline Bank f/k/a North Community Bank

By: _____
One of its attorneys

Scott H. Kenig, Esq.
Randall & Kenig LLP
455 North Cityfront Plaza-Suite 2510
Chicago, Illinois 60611
ARDC # 06198729

---

[3] Counsel for Byline has made several requests to Debtor's counsel for copies of the leases for the Properties but to date, copies of the leases have not been provided.